DIVISION OF TAX APPEALS.

PUBLIC SERVICE CORPORATION OF NEW JERSEY, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

For the years 1943, 1944 and 1945.

Decided August 12, 1947.

For the petitioner, *William H. Spear*.

For the respondent, *Vincent Casale* and *Harry A. Pine*.

CONKLIN, COMMISSIONER. The assessments under review were levied for the years 1943, 1944 and 1945, on the personal property of the Public Service Corporation of New Jersey. It was agreed that the assessments for all three years would be tried together, since the testimony would be the same for each of the three years.

The corporation owned some United States Treasury notes or bonds. The interest due or to become due on these federal securities was assessed by the City of Newark.

In the case of *MacAllen* v. *Massachusetts, 279 U. S. 620;* 49 *S. Ct.* 432, 433, the United States Supreme Court said: "State tax, however small, upon such securities or interest derived therefrom, interferes or tends to interfere with the constitutional power of general government to borrow money on credit of the United States and constitutes a burden upon the obligations of the government, and carried far enough

would prove destructive." Hence the assessments levied upon the interest from the United States Treasury notes or bonds should be set aside as void.

The Public Service Corporation of New Jersey purchased nearly the entire issue of the authorized capital stock of several utility companies; namely, the North New Jersey Street Railway Company, the Jersey City, Hoboken and Paterson Street Railway Company, the Elizabeth, Plainfield and Central Jersey Railway Company, the Orange and Passaic Valley Railway Company, and the United Electric Railway Company of New Jersey. The persons from whom such shares of stock were purchased accepted in payment therefor perpetual interest bearing certificates as the obligation of the Public Service Corporation of New Jersey. These certificates were somewhat in the nature of non-negotiable promissory notes or bonds. They obligated the Public Service Corporation of New Jersey to pay to the holder thereof perpetual interest on the principal sum named in the certificate, the principal sum itself never becoming due.

The certificate reads as follows:

No.                    UNITED STATES OF AMERICA
                          STATE OF NEW JERSEY
          PERPETUAL INTEREST-BEARING CERTIFICATE
                                of
          PUBLIC SERVICE CORPORATION OF NEW JERSEY

Public Service Corporation of New Jersey, a corporation of the State of New Jersey, for value received, hereby agrees that it will pay to
at the office of Fidelity Trust Company, in the City of Newark, State of New Jersey, in gold coin of the United States of America, of or equal to the present standard of weight and fineness, interest upon the principal sum of dollars, as follows:

*        *        *        *        *        *        *

In order to secure payment of the certificates, the Public Service Corporation pledged the aforesaid shares of stock with the Fidelity Trust Company, by an agreement called

"Mortgage and Agreement of Pledge" and dated June 1st, 1903. By a subsequent agreement between the Fidelity Union Trust Company and the Public Service Corporation of New Jersey dated July 25th, 1924, the Fidelity Union Trust Company purchased or redeemed for the Public Service Corporation a number of the aforesaid certificates of which the total principal sum of said redeemed certificates amounted to $1,020,223.

The assessor for the City of Newark assessed these repurchased or redeemed certificates as assets of the corporation and valued them for taxing purposes at $1,020,223. The County Board sustained the action of the assessor, and the Public Service Corporation appealed to the Division of Tax Appeals.

Since these perpetual interest bearing certificates were issued by the Public Service Corporation and are obligations of the Public Service Corporation, they cannot in any sense of the word be considered as assets of the corporation, no matter in whose hands they may be held. A promissory note re-purchased by the Public Service Corporation where the Public Service Corporation was the maker thereof, could by no stretch of the imagination be considered an asset. In the case of *Borg* v. *International Silver Co.*, 11 *Fed. Rep.* (*2d*) 147, Judge Hand stated, "a corporation can have no right of action against itself, as must be if the share is truly a liability." For these reasons perpetual interest-bearing certificates are not taxable.

In accordance with the foregoing conclusions, we find that the taxable personal property of the Public Service Corporation for the year 1943 was $36,950.91; for the year 1944 the assessment should be $77,874.96; and for the year 1945, $91,667.53.

Judgments will be entered accordingly.